FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 24  P 3: 53

LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

```
* * * * * * * * * * * * * * * * ***********
                                   *
EQUAL EMPLOYMENT                   *
OPPORTUNITY COMMISSION,            *
                                   *
           Plaintiff,              *
                                   •
           AND                     *
                                   •
RHUA D. WILLIAMS,                  *
                                   •
           Plaintiff-Intervenor    *
                                   *
           VS.                     *
                                   *
HBH, INC. and TRANSCOASTAL         *
MARINE SERVICES INC.,              *
                                   *
           Defendant.              *
**************************************
```

CIVIL ACTION NUMBER: 98-02632

JUDGE VANCE

MAGISTRATE JUDGE ROBY

### CONSENT DECREE

WHEREAS, on Sept. 4, 1998, the Equal Employment Opportunity Commission (EEOC)

instituted Civil Action Number 98-2632 in the United States District Court for the Eastern

District of Louisiana, charging HBH, Inc., with violations of Sections 102(a) and (d)(1), (2)(A)

and (3)(B) of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §§12112(a) and

(d)(1), (2) (A) and (3)(B), alleging that HBH, Inc., failed to hire Rhua Dale Williams because

HBH, Inc., regarded him as disabled. The EEOC also alleged that HBH, Inc., engaged in

unlawful employment practices in violation of Sections 102(b)(3)(A) and (b)(6) of Title I of the

ADA, in that HBH, Inc., utilized qualification standards and other selection criteria that screens

DATE OF ENTRY  FEB - 2 2000

Fee____
Process____
X  Dktd____
   CtRmDep____
   Doc.No.____

out or tends to screen out an individual with a disability or a class of individuals with disabilities. Finally, the EEOC alleged that HBH, Inc., conducted prohibited pre-employment medical examinations and co-mingled medical records with other personnel records; and

WHEREAS, on November 4, 1998, Rhua D. Williams, filed an Intervention Complaint and became a Plaintiff-Intervenor; and

WHEREAS, on April 5, 1999, the EEOC amended its complaint to include Transcoastal Marine Services, Inc., as an additional Defendant in that Transcoastal Marine Services, Inc., purchased HBH, Inc., although HBH, Inc., and not Transcoastal Marine Services, Inc., was the employer at the time of the alleged discriminatory acts (HBH, Inc., and Transcoastal Marine Services, Inc., will hereafter collectively be referred to as "Defendant"); and

WHEREAS, on May 20, 1999, Plaintiff, EEOC, amended its complaint to include the allegation that the Defendant failed to hire Jack D. Mann because Defendant regarded him as disabled under the ADA, and to include a class of persons were also illegally denied employment for the same reasons, and;

WHEREAS, Defendant has not admitted and does not admit that it has engaged in any unlawful employment practices; and

WHEREAS, this Court has jurisdiction over the subject matter of this action and over the parties to this action; and

WHEREAS, Defendant and the EEOC have agreed to settle this matter for the relief specified in this Consent Decree; and

WHEREAS, the EEOC and the Defendant now wish to resolve all claims and controversies between them encompassed by this lawsuit, including any and all claims which

2

should or could have been brought by the EEOC resulting from EEOC Charge of Discrimination
Numbers 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 and 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, without the burden, expense or delay of further
litigation;

Therefore, it is **ORDERED, ADJUDGED, AND DECREED** that:

1.     The negotiation, execution and entry of this Consent Decree will resolve any and
all claims of alleged ADA violations brought by the EEOC against Defendant, arising out of
EEOC Charge Numbers 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 and 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 and Civil Action Number 98-2632.

2.     The purposes of the ADA will be furthered by the entry of this Decree, the terms
of which constitute a fair and equitable settlement.

3.     Neither the negotiation, execution, nor entry of this Consent Decree shall
constitute an acknowledgment or admission of any kind by Defendant that its officers, agents or
employees have violated or have not been in compliance with the ADA or any other applicable
law, regulation or order.

4.     This Consent Decree relates only to the alleged violations raised in EEOC Charge
Numbers 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 and 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 and Civil Action Number 98-2632, filed by the EEOC
in the United States District Court for the Eastern District of Louisiana, on Sept. 4, 1998.

5.     In that Rhua D. Williams has intervened into the suit and is a separate party, the
EEOC will accept any monies the Intervenor negotiates with the Defendant as those damages
payable to Plaintiff-Intervenor Rhua D. Williams and the EEOC will have no further
involvement in this suit on behalf of Rhua D. Willaims.

6.     Defendant shall pay the sum of $ 17,000.00 as damages to Jack D. Mann, in
return for a release from Mann for any and all claims raised by Charge Number 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 and

3

Civil Action Number 98-2632, the subject of this Decree. A copy of the release is attached hereto and made part hereof as Appendix A.

7.      Defendant shall pay the sum of $ 2500.00 as damages to the aggrieved class members identified by the EEOC in Appendix B, attached to this consent decree. Said payment shall be made by check payable directly to the class members identified in Appendix B. Appendix B designates the exclusive class to this lawsuit on whose behalf the EEOC will seek relief. In return each identified class member shall release the Defendant from any and all claims which could have been raised by Civil Action Number 98-2632, the subject of this Decree. A copy of each release is attached hereto and made part hereof as Appendixes C, D and E.

8.      Defendant, its directors, officers, agents, employees and successors or assigns shall not maintain or permit discrimination in the workplace against any applicant for employment or employee based upon such person's disability, as complained of in EEOC Charge Numbers 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 and 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 and Civil Action Number 98-2632.

9.      Defendant shall post conspicuously at all of its facilities, within ten (10) days of the entry of this Decree, a copy of a poster entitled "Equal Employment Opportunity is the Law" (GPO 920-752).

10.     Defendant has provided the EEOC, with an Affidavit from Joey LeBlanc, Defendant's Director of Human Resources, which certifies that the Defendant has provided the Commission, with copies of its current policies against discrimination in the workplace, specifically those policies pertaining to recruitment and selection; accommodating the disabled; medical examinations; and equal employment. Defendant shall certify in writing to the EEOC

4

within (90) days of the entry of the Decree that a copy of such policies has been distributed to each of its employees, owners and members of the Board of Directors.

11.     Defendant shall train its managers, supervisors and all human resource personnel on compliance with the ADA, particularly the prohibition against conducting pre-offer pre-employment medical examinations, and the prohibition against co-mingling medical records with other personnel records. Defendant shall certify in writing to the EEOC that such training has occurred within 180 days of the entry of this Decree.  Further, the Defendant shall train these employees annually for the duration of the consent decree and certify to the Commission that the annual training has occurred.

12.     In the event that Defendant fails to perform its obligations herein, Plaintiff EEOC is empowered to enforce this Consent Decree through the applicable judicial enforcement procedures and to seek sanctions which may be due as a result of the need to enforce this Decree. This Consent Decree will remain in force for three (3) years from the date of entry of the Decree.

13.     Should any provision of this Decree be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Consent Decree.

14.     The Decree sets forth the entire agreement between the EEOC and HBH, Inc., and Transcoastal Marine Services Inc., and fully supersedes any and all prior agreements or understandings between the EEOC and Defendant, pertaining to the subject matter herein.

12.     The EEOC and Defendant will each bear their own attorneys' fees and costs incurred in connection with the litigation of this case.

5

13. The Court shall retain jurisdiction of this action for purposes of enforcing this decree, if necessary.

**IT IS SO ORDERED.**

New Orleans, Louisiana, this ___1st___ day of ___February___, 1999.

SARAH S. VANCE
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM AND CONTENT:
FOR THE PLAINTIFF:

C. GREGORY STEWART
General Counsel

KEITH T. HILL
Regional Attorney

MICHELLE T. BUTLER
Supervisory Trial Attorney
E. D. Bar Roll No. 1286

TINA BURNSIDE
Trial Attorney
WI Bar No. 1026965

RANDY J. DUKES
Trial Attorney
La. Bar Roll No. 23608

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

New Orleans District Office
701 Loyola Avenue - Suite 600
New Orleans, Louisiana 70113
Telephone:     (504) 589-6817
Facsimile:      (504) 589-2805

FOR THE DEFENDANT:

STEPHEN D. MARX
La. Bar Roll No. 17041
PATRICIA E. PANNELL
La. Bar Roll No. 18665
CHEHARDY, SHERMAN ELLIS, BRESLIN
& MURRAY
One Galleria Blvd., Suite 1100
Metairie, La. 70001
Telephone:     (504) 833-5600

7